**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **WILLIAM R. HARRIS,** | : | |
| **Plaintiff,** | : | **Case No. 2:04-cv-1051** |
| **v.** | : | **Judge Holschuh** |
| **CITY OF CIRCLEVILLE, et al.,** | : | **Magistrate Judge Kemp** |
| **Defendants.** | : | |
| | : | |

**<u>MEMORANDUM OPINION & ORDER</u>**

After being arrested for driving under the influence, Plaintiff William Harris filed suit against the City of Circleville, Circleville police officers Glenn Williams II, Phillipp Roar, and Robert Gaines (collectively the "Circleville Defendants"), and against Kenneth Morckel, Director of the Ohio Department of Public Safety, and Ohio State Highway Troopers Heather McManes and R.A. Cooper.  Plaintiff seeks relief under 42 U.S.C. §§ 1983 and 1985 for violations of his Fourth, Fifth, and Fourteenth Amendment rights.  He also asserts numerous state law claims.  This matter is currently before the Court on the Circleville Defendants' motion for partial judgment on the pleadings.  (Record at 27).  For the reasons set forth below, that motion is granted in part and denied in part.

I.      **Background**

According to the Amended Complaint, on April 3, 2004, Plaintiff was pulled over for speeding by Ohio State Trooper Heather McManes.  She administered a breathalyzer test and field sobriety test.  After Ohio State Trooper R.A. Cooper arrived on the scene, McManes and Cooper arrested Plaintiff and charged him with DUI.  They handcuffed Plaintiff and transported

him to the Circleville Police Department.  Plaintiff claims that after being placed in a jail cell, he

was beaten by the police, and suffered temporary paralysis and permanent injuries.  (Amd.

Compl. ¶ 8).

Plaintiff filed suit against the City of Circleville, Circleville police officers Glenn

Richard Williams, II, Phillip Roar and Robert Gaines, the Ohio Department of Public Safety, and

Ohio State Troopers Heather McManes and R.A. Cooper, seeking recovery under 42 U.S.C. §§

1983 and 1985 for violations of his Fourth, Fifth and Fourteenth Amendment rights.  He also

brought state law claims of assault and battery, negligent hiring and retention, defamation, false

imprisonment and false arrest, and intentional infliction of emotional distress.[1]  Pursuant to

Federal Rule of Civil Procedure 12(c), the Circleville Defendants now move for partial judgment

on the pleadings.

## II.        Standard for Granting Judgment on the Pleadings

Motions for judgment on the pleadings brought pursuant to Federal Rule of Civil

Procedure 12(c) are evaluated in much the same way as Rule 12(b)(6) motions to dismiss for

failure to state a claim upon which relief may be granted.  See Grindstaff v. Green, 133 F.3d 416,

421 (6th Cir. 1998); Ziegler v. IBP Hog Market, Inc., 249 F.3d 509, 511-12 (6th Cir. 2001);

Mixon v. Ohio, 193 F.3d 389, 399-400 (6th Cir. 1999).  The purpose of a motion under either

rule is to test the sufficiency of the complaint.  When determining the sufficiency of a complaint,

a court will apply the principle that "a complaint should not be dismissed for failure to state a

claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his

---

[1]  Plaintiff also filed suit against Circleville Emergency Medical Services and two of its employees.  However, on July 27, 2005, the Court dismissed those claims for lack of jurisdiction.

claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See also Ziegler, 249 F.3d at 512.

When considering a motion for judgment on the pleadings, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. See Grindstaff, 133 F.3d at 421. However, it will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations. Id. The Court will, however, indulge all reasonable inferences that might be drawn from the pleading. See Fitzke v. Shappell, 468 F.2d 1072, 1076-77 n.6 (6th Cir. 1972).

## III.    Discussion

The Circleville Defendants have moved for judgment on the pleadings with respect to the alleged Fourth Amendment violations, and the claims of false arrest and imprisonment, negligent hiring and retention, and defamation. The Court turns first to the Fourth Amendment claims.

### A.    42 U.S.C. § 1983:  Fourth Amendment Claims

In Count I of the Amended Complaint, Plaintiff seeks relief under 42 U.S.C. § 1983 against Circleville police officers Williams, Roar, and Gaines for an alleged violation of his Fourth Amendment right to be free from unreasonable seizure during the course of an arrest. Plaintiff alleges that the officers "were acting in their official capacity as Circleville Police officers in arresting the Plaintiff" and that they used "excessive force to restrain him." (Amd. Compl. ¶¶ 12-13). In Count II, Plaintiff seeks relief under § 1983 against the City of Circleville, alleging that the officers' actions were proximately caused by policies and customs of the City, including a failure to adequately train, supervise, and discipline officers. (Id. at ¶ 20).

The Circleville Defendants urge the Court to dismiss these counts.  The police officers contend that they cannot be held liable for violations of the Fourth Amendment because they were not involved in Plaintiff's arrest.  They claim that Plaintiff was instead arrested and seized by the Ohio State Highway Patrol troopers.  Citing Phelps v. Coy, 286 F.3d 295, 300 (6th Cir. 2002), the Circleville Defendants argue that once the arresting officers surrendered custody of Plaintiff to the Circleville officers at the jail, he became a pretrial detainee, at which point his Fourth Amendment protections ended and his Fourteenth Amendment substantive due process rights began.[2]  The officers therefore contend that they cannot be found to have violated Plaintiff's Fourth Amendment rights.  In turn, the City of Circleville argues that since its police officers did not violate Plaintiff's Fourth Amendment rights, the City cannot be held liable for any Fourth Amendment violations.  See City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986).

In support of their claim that they were not involved in Plaintiff's arrest, the Circleville Defendants attached several documents to their motion for judgment on the pleadings, including: (1) the criminal complaint signed by Trooper McManes, filed in the Circleville Municipal Court, and accompanying court docket sheets listing only McManes as the "complainant;" and (2) an Impaired Driver Report completed by McManes, and written statements prepared by McManes and Cooper.  The Circleville Defendants ask the Court to take judicial notice of these public records and find that, because only McManes and Cooper participated in Plaintiff's arrest and seizure, the Circleville Defendants cannot be held liable for any Fourth Amendment violations.

---

[2]  Plaintiff also alleges that the Circleville Defendants violated his Fourteenth Amendment rights.

Plaintiff argues that the Court cannot consider these exhibits without converting the motion into a motion for summary judgment, and that, if the Court does convert it, he should be given the opportunity to complete discovery prior to filing a response.

Under some circumstances, a district court may consider public records without converting a motion to dismiss into a motion for summary judgment.  See Kostrzewa v. City of Troy, 247 F.3d 633, 644 (6th Cir. 2001).  However, the Court cannot take judicial notice of any disputed facts contained within those public records.  See Lee v. City of Los Angeles, 250 F.3d 668, 689-90 (9th Cir. 2001); Pina v. Henderson, 752 F.2d 47, 50 (2d Cir. 1985).  See also Fed. R. Civ. P. 201(b)(courts can take judicial notice only of those facts not "subject to reasonable dispute").

In this case, whether the Circleville police participated in Plaintiff's arrest appears to be subject to reasonable dispute.  Discovery may well reveal, as Defendants claim, that Plaintiff was arrested by only the Ohio State Troopers.  However, at this point, that is not clear.  The Amended Complaint itself contains inconsistent statements.  Paragraph 8, which sets forth the relevant facts, alleges that the Ohio State Troopers charged Plaintiff with DUI and then transported him to the "Circleville Prescient [sic]" where he was beaten by the police.  This statement implies that the Circleville officers were not involved until the Troopers delivered Plaintiff to the jail.  However, paragraph 12 of the Amended Complaint alleges that the Circleville police officers "were acting in their official capacity . . . in arresting the Plaintiff," and Counts Three and Four of the Amended Complaint allege that the Circleville police officers used "excessive force in detaining, apprehending, and subduing the Plaintiff."  (Amd. Compl. ¶¶ 26, 32)(emphasis added).

5

Because there appears to be a factual dispute about whether the Circleville officers were involved in Plaintiff's arrest, the Court concludes that it would be inappropriate to consider the public records in connection with the motion for judgment on the pleadings.  Moreover, even if the Court considered the records, they establish only that McManes and Cooper were involved in the decision to arrest and charge Plaintiff; they do not necessarily foreclose a finding that the Circleville police officers also played a part in the arrest.

In addition, those documents do not conclusively establish when the Ohio State Troopers surrendered custody of Plaintiff to the Circleville police officers; in fact, the documents may raise more questions than they answer.  As the Sixth Circuit held in Phelps, "an arrestee in the custody of the arresting officers is still sheltered by the Fourth Amendment."  286 F.3d at 300. The Amended Complaint alleges that "[u]pon arriving at the Circleville Prescient [sic] the Plaintiff was taken directly to jail cell number 3 where the Plaintiff, who was already hand-cuffed, was beaten by the police."  (Amd. Compl. ¶ 8).  It is not clear whether McManes and Cooper had surrendered custody to the Circleville officers at that point in time.  Trooper Cooper wrote in his report that "[Plaintiff] was then transported to the Circleville Municipal Jail, where he resisted the booking process with the Circleville officers.  He was read the BMV 2255 form by Tpr. McManes and refused a urine test . . . He continued to yell incoherently from the cell for over an hour at the Circleville Jail." (Ex. C to Mot. Judg. Pldgs.).  While this statement implies that McManes and Cooper were present at the Circleville Jail for at least an hour after they brought Plaintiff in, it is not clear how long he remained in their custody.  Pursuant to Phelps, if Plaintiff was still in the custody of the arresting officers when the alleged beating occurred – presumably by the Circleville police officers -- then the Fourth Amendment could be implicated.

Construing the allegations contained in the Amended Complaint in a light most favorable to the Plaintiff, and indulging all reasonable inferences, the Court cannot say, beyond a doubt, that Plaintiff can prove no set of facts in support of his Fourth Amendment claims against the Circleville Defendants.  The Court therefore denies the Circleville Defendants' motion for judgment on the pleadings with respect to Counts I and II.

### B.    False Arrest/Imprisonment

Plaintiff also asserts a claim of false arrest and false imprisonment, alleging that the Circleville police officers "unlawfully restrained and controlled the Plaintiff's physical liberty without probable cause to do so." (Amd. Compl. ¶ 97).  In Ohio, claims of false arrest and false imprisonment are analyzed under Fourth Amendment standards governing unlawful seizures. See Harvey v. Horn, 33 Ohio App. 3d 24, 28, 514 N.E.2d 452, 455 (Ohio Ct. App. 1986); Garrett v. Fisher Titus Hosp., 318 F. Supp. 2d 562, 574 (N.D. Ohio 2004).

The Circleville Defendants again argue that because they did not participate in Plaintiff's arrest, they cannot be held liable for false arrest or imprisonment.  This may ultimately prove to be the case, but at this point in the litigation, it would be improper for the Court to dismiss this claim since Plaintiff has alleged that the Circleville police were involved in his apprehension and arrest.  For the same reasons set forth above, the Court denies the Circleville Defendants' motion with respect to the claims of false arrest and false imprisonment.

### C.    Negligent Hiring and Retention

In order to succeed on a claim of negligent hiring or retention, a plaintiff must prove: the existence of an employment relationship; the employee's incompetency; the employer's actual or constructive knowledge of that incompetency; an act or omission by the employee causing

7

plaintiff's injury; and the employer's negligence in hiring or retaining the employees as the proximate cause of the injury.  See Evans v. Ohio State Univ., 112 Ohio App. 3d 724, 739, 680 N.E.2d 161, 171 (Ohio Ct. App. 1996).  In Count XII of the Amended Complaint, Plaintiff alleges each of these elements with respect to the City of Circleville's hiring and retention of Officers Williams, Roar, and Gaines.  (Amd. Compl. ¶¶ 80-84).[3]

The City argues that the Amended Complaint is devoid of any facts to support a finding that the officers were incompetent or that the City's hiring and retention of the officers was the proximate cause of his injuries.  It also argues that it is immune from liability under Ohio Revised Code Chapter 2744.02.  That statute provides statutory immunity to political subdivisions for damages caused by an act or omission of an employee of the political subdivision in connection with a governmental function or proprietary function.  The statute specifically defines a "governmental function" to include the provision of police protection. Ohio Revised Code § 2744.01(C)(2).

In addition, Ohio Revised Code § 2744.03(A)(5) specifically provides that a political subdivision is immune from liability if the injury "resulted from the exercise of judgment or discretion in determining whether to acquire . . . personnel . . . unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner."  The City notes that Plaintiff has not alleged that the City acted with malice, in bad faith, or in a

---

[3]  The Circleville Defendants note that instead of alleging that the City had actual or constructive knowledge of the officers' *incompetency*, the Amended Complaint alleges only that the City had actual or constructive knowledge of the *police officers*.  (Amd. Compl. at ¶ 81).  In the Court's view, this is likely a typographical error that could be easily fixed.  However, amendment would be futile since dismissal of this claim is appropriate on other grounds.

wanton or reckless manner in choosing to hire the officers.  Plaintiff alleges only that the City was negligent.

In his one-and-a-half-page memorandum in opposition to the motion for judgment on the pleadings, Plaintiff makes no effort to respond to Defendants' arguments in connection with this claim.  The Court finds that because the City of Circleville is statutorily immune from liability for damages caused by acts of the officers in connection with a governmental function, and because Plaintiff has not alleged that the City acted with malice, in bad faith, or in a wanton or reckless manner, the City of Circleville is entitled to judgment on the pleadings with respect to Plaintiff's claim of negligent hiring and retention.

### D.    Defamation

In Count XIII of the Amended Complaint, Plaintiff alleges that the Circleville police officers made false oral and written statements about him to third persons.  (Amd. Compl. ¶¶ 87-89).  Ohio courts have held that a complaint alleging defamation "must allege the substance of the allegedly defamatory statements."  Hedrick v. Center for Comprehensive Alcoholism Treatment, 7 Ohio App. 3d 211, 215, 454 N.E.2d 1343, 1348 (Ohio Ct. App. 1982).   As Defendants note, the Amended Complaint does not identify what the allegedly false statements were, or to whom they were made.  Defendants therefore argue that Plaintiff has failed to state a claim upon which relief may be granted.[4]  The Court agrees.

---

[4]  In response, Plaintiff argues only that because he has alleged that Defendants acted with malice and in a wanton and reckless manner, they are not entitled to immunity under Ohio Revised Code Chapter 2744.  But, as Defendants point out, since they have not asserted a defense of  statutory immunity in connection with the defamation claim, Plaintiff's argument is completely non-responsive.

**IV.     Conclusion**

For the reasons set forth above, the Circleville Defendants' motion for judgment on the pleadings (Record at 27) is **GRANTED IN PART and DENIED IN PART.**  The Circleville Defendants are not entitled to dismissal of Plaintiff's § 1983 claims based on alleged violations of the Fourth Amendment, or of Plaintiff's claims of false arrest and false imprisonment at this stage of the litigation.  However, the Circleville Defendants are entitled to the dismissal of Plaintiff's claim of negligent hiring and retention, and his claim of defamation against the Circleville Defendants.

**IT IS SO ORDERED.**


Date: April 3, 2006                                          **/s/ John D. Holschuh_____**
                                                             John D. Holschuh, Judge
                                                             United States District Court