IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

William R. Harris, Jr.,          :

    Plaintiff,              :

    v.                      :       Case No. 2:04-cv-1051

City of Circleville, et al.,
                            :       JUDGE HOLSCHUH

    Defendants.             :

ORDER

    This case is before the Court to consider Plaintiff William B. Harris, Jr.'s, motion to disclose an additional expert witness. Mr. Harris wishes to use a rehabilitation counselor, George W. Cyphers, to testify as to his life-care planning needs. Defendants oppose the motion, contending that there is no good cause to modify the Court's scheduling order. For the following reasons, the motion will be granted.

    By way of background, this case was filed in 2004 and initially pretried in 2005. The first Rule 16 scheduling order, filed on February 16, 2005, required Mr. Harris to identify any specially-retained experts by September 29, 2005. That date was later extended to February 15, 2006, and then to March 8, 2006. He identified several experts on that date, but Mr. Cyphers was not identified prior to any of these dates. The Court partially denied the defendants' motion for summary judgment on January 23, 2008. After an unsuccessful appeal by the defendants, the Court set the case for trial on April 10, 2010. It was only after that order was issued that Mr. Harris filed his motion.

    Mr. Harris' motion does not explain the reason for this delay. It simply states that a copy of the proposed life care plan had been provided to defense counsel and that there was

sufficient time for the defendants to depose Mr. Cyphers and retain their own expert, if they wished to do so, prior to trial. In response to defendants' arguments that he had not demonstrated good cause to modify the Court's scheduling order, Mr. Harris asserts that he first told defendants about his plan to use Mr. Cyphers as an expert in June, 2006, and there was no objection to that plan. Once the motion for summary judgment was filed, however, the parties ceased to do any damages-related discovery. Mr. Cyphers did a life care report in December, 2006, which does not appear to have been given to defense counsel. However, the updated version of the report was transmitted to them shortly before the motion was filed.

As cause for the delay, Mr. Harris asserts that the parties, at least impliedly, agreed both to his use of a life care expert in June, 2006, and also agreed to forego completing damages discovery once the summary judgment motion was filed. He further argues that both parties have acknowledged the need to complete that portion of the discovery once it became clear that the case would go to trial. He bolsters that assertion by noting that, after the Court of Appeals issued its mandate, the parties' correspondence does indicate a mutual understanding that the damages discovery, including medical records, needed to be updated. It is worth noting, however, that the defendants did object in their correspondence to the late identification of a life care planner.

Defendants are correct that good cause is needed in order to obtain an extension of a date established in a Rule 16 scheduling order, and that an important part of the good cause showing is that the requesting party exercised due diligence in attempting to meet the deadline. See Hernandez v. Mario's Auto Sales, 617 F.Supp. 2d 488 (S.D. Tx. 2009). The Court is also required to consider any prejudice which might result either from a

modification of the order, or the refusal to modify it.  However, the absence of prejudice to the non-moving party cannot, by itself, excuse the failure to act with some semblance of diligence to meet the Court's schedule.

It certainly would have been the better procedure in this case for Mr. Harris to make a formal request back in 2006 either for an extension of the expert witness disclosure date, or for permission to postpone various aspects of the damage discovery until after the Court ruled on summary judgment motions.  The Court has occasionally granted that type of request because of the possibility that deferring damage discovery may save the parties' resources if the case does not survive summary judgment on liability.  However, Mr. Harris did communicate to the defendants an intent to use a life care expert in 2006, and it can reasonably be inferred from the correspondence submitted that both parties were comfortable with deferring various aspects of the damage discovery until a date well after the cutoff date set by the Court.  Of course, the parties cannot, simply by agreement, modify a Rule 16 scheduling order, but a good faith belief that such an agreement has been reached may justify a party's failure to meet a deadline which the party believes will ultimately be extended.  Thus, it cannot be said that Mr. Harris was simply careless in letting the date lapse.  Further, he did act promptly after the mandate issued from the Court of Appeals.  Thus, the Court's analysis will include an evaluation of the prejudice which might result if the extension were either granted or denied.

Defendants argue that they will be prejudiced if they have to depose Mr. Cyphers or retain their own expert.  However, this is not the type of undue prejudice which will defeat a motion to extend a deadline.  If defendants were unable due to the untimely disclosure to prepare to meet the testimony of the expert, that

would constitute prejudice, but that is not the case here.  Three months should be sufficient time for defendants to depose Mr. Cyphers and to retain a competing expert if necessary.  Further, Mr. Harris would be prejudiced if he were not allowed to present evidence on this subject.  Therefore, balancing all of the pertinent factors, the Court concludes that the motion should be granted.

Based on the foregoing, plaintiff's motion for leave to disclose an additional expert witness (#140) is granted.  The discovery period is extended for purposes of allowing for the deposition of this expert and any counter-expert which defendants may identify.  Defendants' expert designation on this subject shall be made, if at all, by February 24, 2010.

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.


/s/ Terence P. Kemp
United States Magistrate Judge